STATE of Minnesota, Respondent,

v.

Patrick WALKER, Appellant,

No. C7–84–201.

Court of Appeals of Minnesota.

July 24, 1984.

C. Paul Jones, Public Defender, Mary C.L. Cade Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Janet Newberg, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is a sentencing appeal. The sole question is the determination of appellant's criminal history score. Appellant pleaded guilty to theft and was originally sentenced to the custody of the Commissioner of Corrections for 23 months. Appellant contends his criminal history score is four rather than five and he should be sentenced accordingly. We agree and order the sentence reduced to 20 months.

## FACTS

Appellant Patrick Walker pleaded guilty to theft. He was sentenced on November 7, 1983 to the custody of the Commissioner of Corrections for 23 months. The sentence was at the high end of the presumptive range for a severity level three offense and a criminal history score of five. Appellant's criminal history score was taken from the Minnesota Sentencing Guidelines Commission "sentencing worksheet". It was computed by assigning three felony points, one misdemeanor point (based on four misdemeanor units) and one custody status point for committing the offense while on probation. One of the misdemeanor units was for possession of a small amount of marijuana, for which a $100 fine was imposed.

The trial court, upon being advised of the error in appellant's Minnesota Sentencing Guideline worksheet, on May 4, 1984, ex parte modified the sentence to correctly reflect a criminal history score of four, pursuant to Rule 27.03, subd. 9 of the Minnesota Rules of Criminal Procedure. On May 21, 1984, however, the trial court rescinded its order when it became aware this appeal was pending.

## ISSUE

Was appellant's criminal history score properly determined?

## ANALYSIS

1. Appellant's conviction for possession of a small amount of marijuana cannot be

used to compute the criminal history score because it is a petty misdemeanor. Minn. Stat. § 152.15, subd. 2(5) (1982); Minnesota Sentencing Guidelines and Commentary, II. B.107. Thus, appellant has only three misdemeanor units and cannot be assigned a misdemeanor point. Minnesota Sentencing Guidelines II.B.3. The correct criminal history score is four; accordingly, the high end of the presumptive sentence is 20 months.

2. The trial court's rescinded order is correct and reinstated. This appeal could have been avoided if appellant had properly notified the trial court of the error and moved to modify the sentence prior to appeal.

3. In view of our decision, appellant's other contention need not be addressed.

### DECISION

Appellant's sentence shall be 20 months to reflect the criminal history score of four, based on three felony points and one custody status point. The original sentence is modified accordingly.